UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Kiara Finley,

        Plaintiff,

v.

Atlantic Credit and Finance, Inc.; and DOES 1-10, inclusive,

        Defendants.

Civil Action No.: 1:15-cv-13593

**COMPLAINT**

For this Complaint, the Plaintiff, Kiara Finley, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

3. The Plaintiff, Kiara Finley ("Plaintiff"), is an adult individual residing in Medford, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3)..

4. Defendant Atlantic Credit and Finance, Inc. ("Atlantic"), is a Virginia business entity with an address of 2727 Franklin Road Southwest, Roanoke, Virginia 24014, operating as a collection agency on behalf of itself and others, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Atlantic and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Atlantic at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Atlantic for collection, or Atlantic was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Atlantic Engages in Harassment and Abusive Tactics

11. Atlantic contacted Plaintiff in an attempt to collect the Debt beginning on July 7, 2015.

12. During the initial conversation on July 7, 2015, Plaintiff informed the Collector that she was driving, and requested that Atlantic call her back when she could safely speak. In response, the Collector stated that Plaintiff needed to make immediate payment to avoid the account being sent to an attorney. Plaintiff advised that she could not make payment and ended the call.

13. Later that day, Atlantic again called Plaintiff and Plaintiff again advised that she could not pay.

14. Nonetheless, Atlantic's calls continued.

15. To date, Plaintiff has not been served with a lawsuit by Atlantic.

16. Atlantic's threats and repeated phone calls caused Plaintiff significant concern.

**C. Plaintiff Suffered Actual Damages**

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading means in connection with the collection of the Debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants falsely represented the character, amount or legal status of the Debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26. Defendants' conduct violated 15 U.S.C. § 1692g(b) by overshadowing Plaintiff's right to dispute the Debt.

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
4. Punitive damages; and
5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 18, 2015

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)

LEMBERG LAW, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff